**Marvin DENIS, Petitioner–Appellant,**

v.

**UPSTATE CORRECTIONAL FACIL-ITY, Clinton Correctional Facility, Respondent–Appellee.**

No. 03–2358.

United States Court of Appeals, Second Circuit.

Argued: March 1, 2004.

Decided March 19, 2004.

Amy Adelson, Dershowitz, Eiger & Adelson, P.C. (Nathan Z. Dershowitz, on the brief), New York, NY., for Petitioner–Appellant.

Eric A. Johnson, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), for Respondent–Appellee.

Before: VAN GRAAFEILAND, LEVAL, CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge.

In 1999, Petitioner Marvin Denis ("Petitioner") was convicted in New York state court, after a jury trial, of murder in the second degree. He was sentenced to a term of imprisonment of twenty-five years

to life. The New York Appellate Division affirmed his conviction, and review by the New York Court of Appeals was denied. On November 15, 2001, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of New York. The petition raised three claims: insufficiency of the evidence, pre-indictment delay in violation of due process, and defective jury instructions. The district court (Kahn, *J.*), adopting a magistrate judge's report and recommendation, denied the petition. The district court then issued a certificate of appealability as to Petitioner's three claims, and Petitioner appealed. We affirm the judgment of the district court.

The facts of this case are much disputed. Ultimately, the strength of the prosecution's case turned on the credibility of various witnesses. In reaching its verdict, the jury resolved these questions of credibility in a manner that was adverse to Petitioner. Although the evidence was not overwhelming, we find that it was legally sufficient.

█ Petitioner's second argument is that the prosecutor's 77–month delay in obtaining an indictment violated his right to Due Process. The Supreme Court has stated that, in order to prevail on a claim of unconstitutional pre-indictment delay, a petitioner must show that he suffered actual prejudice as the result of the delay and that the delay was an intentional device to gain a tactical advantage. *See United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Petitioner has not satisfied either requirement.

█ Finally, Petitioner argues that two aspects of the jury instructions may have misled the jury as to the prosecution's burden of proof and the reasonable-doubt standard. We agree with Petitioner that, if read out of context, the portion of the charge in which the judge told the jury that it had the responsibility "to determine what actually occurred on that day" did not accurately state the law. However, when the charge is considered in its entirety, it explained the law accurately and there is no reasonable likelihood that the jury applied the instructions in an unconstitutional manner. *See Victor v. Nebraska,* 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); *Gaines v. Kelly,* 202 F.3d 598, 605–06 (2d Cir.2000).

We have considered all of Petitioner's claims and find them to be without merit. We therefore AFFIRM the judgment of the district court.

VAN GRAAFEILAND, Circuit Judge, dissenting.

Because my vote, either to affirm or reverse in this troublesome case, will not affect the decision of my colleagues, I simply note that I dissent.